UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTORIA JUSTICE WOODSON,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 3:25-CV-576-CCB-SJF

## <u>OPINION AND ORDER</u>

Before the Court is Plaintiff Victoria Justice Woodson's appeal of the Social

Security Administration's decision on July 3, 2024. (ECF 1). In that decision, an

Administrative Law Judge ("ALJ") of the Social Security Administration denied Ms.

Woodson's claim for supplemental security income based on disability. Now Ms.

Woodson seeks remand of that decision. Ms. Woodson's request is granted in part and

denied in part. The ALJ's opinion is affirmed in part and reversed and remanded in part

for the reasons below.

## <u>ANALYSIS</u>

### A. Standard of Review

A claimant who is found to be "not disabled" may challenge the Commissioner's

final decision in federal court. This Court must affirm the ALJ's decision if it is

supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v.*

*Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere

scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. But that review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted).

While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the Court that he "considered the important evidence" and allow the Court "to trace the path of the ALJ's

reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

### B. Procedural Background

Ms. Woodson filed an application for supplemental security income on April 17, 2022, alleging disability beginning February 4, 2021. That application was denied initially on January 18, 2023, and upon reconsideration on August 14, 2023. Ms. Woodson sought a hearing, and on April 23, 2024, the Social Security ALJ held a telephone hearing. The ALJ then issued an unfavorable decision on July 3, 2024. Ms. Woodson appealed that decision to the Appeals Council, which denied her appeal on May 15, 2025. She now appeals to this Court.

### C. The ALJ's Decision

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). If a claimant's application is denied initially and upon reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether she has the residual functional capacity to perform her past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a); *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). An answer in the affirmative in steps one through four stops the inquiry and the claimant is found to be not disabled. If steps one through four are answered in the negative, the ALJ proceeds to step five.

Here, at step one, the ALJ found that Ms. Woodson had not engaged in substantial gainful activity since April 17, 2022. (R. 12). At step two, the ALJ found that Ms. Woodson had the following severe impairments: vertigo, menstrual migraines, autism spectrum disorder, anxiety, obesity, anemia, and polycystic ovary syndrome. (R. 13). The ALJ also identified several non-severe impairments: COVID-19 with limitations lasting less than 12 months, a crush injury affecting Ms. Woodson's left thumb that did not last long enough to be durationally significant, Raynaud's disease and hyperthyroidism that do not limit Ms. Woodson vocationally, GERD, and a very slight flat foot. (*Id.*) Lastly, the ALJ identified that Ms. Woodson has the non-medically determinable impairment of pain in her right ankle. (*Id.*)

At step three, the ALJ determined that Ms. Woodson does not have an impairment or combination of impairments that meets or medically equals the severity

4

of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ determined that Ms. Woodson has the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b) except the claimant could not climb ladders ropes or scaffolds. The claimant is limited to occasionally climbing ramps and stairs and occasionally crouching, crawling, kneeling, stooping, and balancing, as balancing is defined by the *Selected Characteristics of Occupations*. The claimant cannot tolerate exposure to environmental hazards such as high exposed places and moving mechanical parts. The claimant cannot perform commercial driving. The claimant is limited to understanding remembering and carrying out simple instructions. The claimant can have frequent interactions with supervisors but is limited to occasional interactions with coworkers. To limit the duration and intensity of such interactions with co-workers there should be no tandem work or team tasks. The claimant's work cannot involve interaction with the general public. The claimant cannot perform fast paced production work or work that requires hourly quotas. The claimant can perform work with end of the day quotas.

(R. 16). The ALJ found that Ms. Woodson was unable to perform any past relevant work.

At step five, the ALJ found that, considering Ms. Woodson's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she could perform. (R. 22). Based on these findings, the ALJ determined that Ms. Woodson was not disabled as defined in the Social Security Act. (*Id.*)

### D. Issues on Appeal

Ms. Woodson requests remand to the Agency on two grounds. First, she seeks remand because the ALJ did not support her determination of Ms. Woodson's mental health RFC with substantial evidence. Second, she seeks remand because the ALJ did

not support her evaluation of Ms. Woodson's subjective report of symptoms with sufficient evidence.

### 1. Mental Health RFC

Ms. Woodson first objects to the ALJ's formulation of Ms. Woodson's mental health RFC. She argues that the ALJ improperly rejected prior administrative medical findings because "the claimant now has a voluminous medical record documenting several impairments," but failed to explain what in the record permitted the ALJ to formulate the RFC. (R. 20). Similarly, she contends that the ALJ's rejection of Dr. Reinaldo Matias's opinion as unsupported by the record cannot be reconciled with the ALJ's ultimate RFC findings.

Ms. Woodson's first argument focuses on the ALJ's finding that prior administrative medical opinions were "not persuasive" because the medical experts concluded that there was insufficient evidence in the record to determine appropriate limitations. (R. 20). The ALJ noted that Ms. Woodson "now has a voluminous medical record" that undercuts these determinations. (R. 20). Despite this, the ALJ went on to develop a mental health RFC without resubmitting that now-voluminous medical record to the experts. This, Ms. Woodson contends, suggests that the ALJ may have improperly formulated the RFC out of raw medical data without reference to medical experts.

Ms. Woodson's argument is compelling. The ALJ relies on Ms. Woodson's extensive medical record to find unpersuasive the opinions of the State agency medical professionals who determined that the record lacked sufficient evidence to support a

conclusion. (R. 20). As a general matter, an ALJ need not resubmit medical evidence to a medical expert unless, "in the ALJ's opinion, the new evidence might cause an initial medical opinion to change." *Johnson v. Berryhill*, 745 F. App'x 247, 250 (7th Cir. 2018). Here, though, the ALJ has based part of her decision on the fact that new evidence contradicts prior medical expert opinions that the record was insufficient to determine limitations.[1] Had those medical experts reviewed all elements of the record from which the ALJ drew the mental health RFC, they may have reached different conclusions, which may have resulted in a different administrative decision. Remand is justified on this issue so that this evidence may be properly assessed by the medical experts.

Ms. Woodson's second argument is less effective. The ALJ discussed how the record conflicted with Dr. Matias's opinion before determining that the opinion was unpersuasive. (R. 21). Just as the ALJ had no obligation to entirely adopt Dr. Matias's opinion had she found it persuasive, her determination that it was not persuasive did not compel her to reach conclusions in direct opposition to Dr. Matias's. Yet that seems to be the essence of Ms. Woodson's argument. She contends that the ALJ's critique of Dr. Matias's opinion "does not illuminate why the Agency found more than minimal limitations." (ECF 13 at 7). Even if this is true, the ALJ's failure to explain the alternative conclusions she reached within the context of assessing Dr. Matias's opinion does not justify remand. *See Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) ("An ALJ need

---

[1] In the case of the State agency psychological expert, it is not entirely clear how the ALJ made her determination of persuasiveness. She writes that "the prior administrative findings of the State agency psychological consultant is not persuasive, as this opinion is consistent with and supported by the record." (R. 20). This sentence may contain a typographical error, as it appears to contradict itself.

7

not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain or reasoning.").

### 2. Subjective Symptoms Report

Next, Ms. Woodson contends that the ALJ's opinion did not support with substantial evidence her evaluation of Ms. Woodson's subjective report of symptoms. The Federal Regulations provide that the ALJ was required to account for Ms. Woodson's subjective symptoms. 20 C.F.R. § 416.929(c)(3). Social Security Ruling 16-3p elaborates on this: the ALJ's analysis of Ms. Woodson's subjective reports needed to be consistent with the record and clearly articulated. Ms. Woodson argues that the ALJ failed to sufficiently account for her subjective reports of vertigo. Though the opinion mentions Ms. Woodson's reports of dizziness and difficulty using screens, Ms. Woodson submits that the ALJ failed to sufficiently articulate her incorporation of those reports into her opinion.

"Given the extraordinary demands already on social security ALJs," the Seventh Circuit has emphasized that ALJs "are subject to only the most minimal of articulation requirements," and "need not provide a complete written evaluation of every piece of testimony and evidence." *Warnell*, 97 F.4th at 1053 (cleaned up in original) (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005)). In this case, the ALJ explained that she considered Ms. Woodson's treatment for vertigo, her self-reported ability to "read ordinary or even small print, and view a computer screen," and her normal gait before reaching her conclusions regarding Ms. Woodson's vertigo. (R. 18–19). This meets the ALJ's articulation requirements. To the degree that Ms. Woodson challenges the ALJ's

reasoning, this dispute falls into the category of "debatable evidentiary conflicts" that the Court will not reweigh. *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

**CONCLUSION**

For the reasons above, the Commissioner's Decision is **AFFIRMED IN PART** and **REVERSED** and **REMANDED IN PART** for further consideration as set forth in this order.


SO ORDERED on July 28, 2026.


    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT